■ In the Matter of the Claim of GAUDENZIA HRONCICH, Respondent, v CON EDISON et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 755]—

Mercure, A.P.J.

The employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal, arguing that claimant's death benefits should be apportioned in the same manner as decedent's lifetime benefits were apportioned. However, as the employer correctly notes, this Court rejected the identical argument in *Matter of Webb v Cooper Crouse Hinds Co.* (62 AD3d 57 [2009]), explicitly holding that "apportionment is not available between work-related and non-work-related causes of death" (*id.* at 60). We are not persuaded by the employer's arguments urging us to re-examine and overrule *Webb.* Indeed, we reiterate that to the extent prior cases may contain language that could be read to suggest that apportionment may be appropriate under certain circumstances, those cases should not be followed (*see id.* at 60 n). Accordingly, inasmuch as the record concededly contains substantial evidence supporting the Board's determination that decedent's occupational illness contributed to his death, claimant is entitled to death benefits without apportionment.

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.